## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC FOX | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) |
| REVENUE REPORTING SERVICE | ) |
|     Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. and other common law claims. The laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Eric Fox is an adult individual residing at 4621 Oakmont St., Philadelphia, PA 19136.

5. Defendant Revenue Reporting Service is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 21 Princeton Place, Orchard Park, NY 14127. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired by Cash Net USA to collect a debt relating to a loan allegedly owed to Cash Net USA (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. In or around May 2009, Defendant initially contacted Plaintiff's father wherein Defendant's representative misrepresented that he was Plaintiff's probation officer. When Plaintiff contacted Defendant in response to this message, Plaintiff discovered that Defendant was a debt collection agency.

9. In or around May 2009, Defendant also contacted Plaintiff's mother wherein Defendant falsely threatened that Plaintiff would go to jail if the debt was not paid immediately.

10. After communicating with Plaintiff's mother, Defendant continued to contact Plaintiff by phone approximately five times per day for approximately one week thereafter to coerce payment of the debt, with the intent to annoy, abuse and harass Plaintiff.

11. In or around June 15, 2009, Defendant contacted Plaintiff by telephone to coerce payment of the debt, with the intent to annoy, abuse and harass Plaintiff by falsely threatening that Plaintiff would be charged with grand larceny if the debt was not paid immediately. Defendant's representative further misrepresented that Defendant was violating his probation by

not paying the debt and that he would go to jail if the debt was not paid. At this time, Plaintiff agreed to make payments fearing that he would be sent to jail or charged with a crime.

12. On or about July 23, 2009, Plaintiff contacted Defendant to advise Defendant that he was unable to make further payments. Defendant's representative responded by falsely threatening that Defendant was filing papers for the sheriff to serve on Plaintiff. Defendant's representative also misrepresented once again that Plaintiff would be charged with grand larceny and go to jail if the debt was not paid.

13. Notwithstanding the above, on or about August 6, 2009, Defendant again contacted Plaintiff by telephone to coerce payment of the debt with the intent to annoy, abuse and harass Plaintiff. Defendant's representative misrepresented that Plaintiff would be charged with larceny and that he would go to jail for years if the debt was not paid immediately. Defendant's representative further misrepresented that he would call Plaintiff's probation officer.

14. During the communication above, Plaintiff gave his neighbor permission to speak to Defendant's representative and instruct him to not call again. At this time, Defendant's representative falsely threatened that Plaintiff's neighbor would also go to jail if the debt was not paid immediately.

15. Defendant acted in a false, deceptive, misleading and unfair manner by placing telephone calls without meaningful disclosure of Defendant's identity.

16. Defendant acted in a false, deceptive, misleading and unfair manner by failing to disclose that Defendant is a debt collector.

17. Defendant acted in a false, deceptive, misleading and unfair manner by contacting a person other than the debtor for the purpose of acquiring information other than the location of the debtor.

18. Defendant acted in a false, deceptive, misleading and unfair manner by disclosing the debt to a person other than the debtor.

19. Defendant acted in a false, deceptive, misleading and unfair manner by contacting Plaintiff repeatedly at inconvenient times with the intent to annoy and harass Plaintiff.

20. Defendant acted in a false, deceptive, misleading and unfair manner by threatening action that cannot legally be taken or is not intended to be taken.

21. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that Plaintiff committed a crime.

22. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action.

23. Defendant knew or should have known that their actions violated the FDCPA, additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I- VIOLATIONS OF THE FDCPA**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

31. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(2), 1692c(b), 1692d(5), 1692(d)(6), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f as evidenced by the following conduct:

   a) Contacting a person other than the debtor for the purpose of acquiring information other than the location of the debtor;

   b) Disclosing the debt to a person other than the debtor;

   c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

   d) Placing telephone calls without meaningful disclosure of Defendant's identity;

e) Falsely representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action;

f) Falsely threatening to take action that cannot legally be taken;

g) Falsely representing that Plaintiff committed a crime or other conduct to disgrace Plaintiff;

h) Failing to disclose that Defendant is a debt collector;

i) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

j) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE FCEUA AND UTPCPL

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

36. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

37. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

38. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

 (a) Contacting a person other than the debtor for the purpose of acquiring information other than the location of the debtor;

 (b) Disclosing the debt to a person other than the debtor;

 (c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

 (d) Placing telephone calls without meaningful disclosure of Defendant's identity;

 (e) Falsely representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action;

 (f) Falsely threatening to take legal action that cannot legally be taken;

 (g) Falsely representing that Plaintiff committed a crime or other conduct to disgrace Plaintiff;

 (h) Failing to disclose that Defendant is a debt collector;

      (i)      Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

      (j)      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

40. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Defendant engaged in extreme and outrageous conduct beyond all bounds of decency including but not limited to misrepresenting that Plaintiff would be charged with grand larceny and go to jail thus causing Plaintiff to suffer severe emotional distress.

43. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the severe emotional distress suffered by Plaintiff.

44. Defendant is thus liable to Plaintiff for all actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **JURY TRIAL DEMAND**

45. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: November 6, 2009